UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME PACE,

    Petitioner,

v.                                                    Case No. 8:02-cv-858-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Pace petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for battery and unlawful sexual activity with a minor. Numerous exhibits ("Respondent's Exhibit ___") support the response (Doc. 8). The respondent contends that Pace's claims lack merit.[1] Pace challenges his convictions on grounds of double jeopardy, trial court error, and ineffective assistance of counsel.

Pace was convicted and sentenced as a habitual felony offender to forty-seven years' imprisonment. The state appellate court affirmed Pace's judgments and revocations of probation[2] but remanded with directions to amend the sentences so that

---

[1] This Section 2254 petition was dismissed (Doc. 12) as time-barred. Pace filed a motion for relief from judgment (Doc. 23) alleging the district court erred in calculating the timeliness of his petition. The motion for relief from judgment was granted (Doc. 24), the prior order of dismissal (Doc. 12) and judgment (Doc. 13) against Pace were vacated, and the case re-opened for review on the merits.

[2] The state court revoked Pace's probation for prior offenses in two separate cases. Pace challenged the revocation on direct appeal (Respondent's Exhibit 2 at 1, 15-16, 18-21).

Pace served his habitual offender sentence before the sentences for the probation violations. The remand also directed reconsideration of the sentence in one of the probation cases.

Pace filed a Rule 3.850 motion, which was denied and which denial was affirmed. While his post-conviction motion was pending, Pace moved to supplement the motion to add an ineffective assistance of counsel claim, which motion was denied. The state appellate court affirmed the denial of the Rule 3.850 motion. A motion for rehearing and a state petition for the writ of habeas corpus were also denied. Pace's Section 2254 petition followed.

## **STANDARD OF REVIEW**

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Pace has the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, a presumption of correctness attaches to

- 3 -

the finding of fact in the trial court's rejection of Pace's post-conviction claim of double jeopardy, trial court error, and ineffective assistance of counsel (Orders Denying Motion for Post-Conviction Relief, Respondent's Exhibits 7 and 13).

**Ground Two**

Pace contends that his convictions violate the prohibition against double jeopardy because the multiple charges derive from the same conduct. Count One of the amended information charges Pace with sexual battery by threatening to use force likely to cause serious personal injury. Count Two charges sexual battery with force not likely to cause great bodily harm. Count Three charges unlawful sexual activity with a minor (Respondent's Exhibit 18 at 140).

The Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498 (1984). "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense." Garrett v. United States, 471 U.S. 773, 778 (1985). The Double Jeopardy Clause permits cumulative punishments for a single incidence of criminal behavior when the legislature clearly intends cumulative punishments. Williams v. Singletary, 78 F.3d 1510, 1512 (11th Cir. 1996). Absent a clear indication of contrary legislative intent, the "same-elements" test announced in Blockburger v. United States, 284 U.S. 299 (1932), determines whether separate statutory provisions authorize cumulative punishment for a single criminal incident. Williams v. Singletary, 78 F.3d at 1512.

> The following rules of construction apply to Florida's criminal statutes:
>
> (1) The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
>
> . . .
>
> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.  For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

Fla. Stat. § 775.021(1), (4)(a).  The Florida legislature adopted the Blockburger test through the exceptions to the rules of construction delineated in Section 775.021(4)(b).[3]

The "same-elements" test examines whether each offense contains an element not contained in the other offense.  "[I]f each statutory offense requires proof of an element not contained in the other, the offenses are not the 'same' and double jeopardy is no bar to cumulative punishment."  Williams v. Singletary, 78 F.3d at 1513. Otherwise, "where the two offenses for which the defendant is punished or tried cannot

---

[3] Section 775.021(4)(b) provides:

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

    1. Offenses which require identical elements of proof.
    2. Offenses which are degrees of the same offense as provided by statute.
    3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

Fla. Stat. § 775.021(4)(b).

survive the 'same-elements' test, the double jeopardy bar applies." United States v. Dixon, 509 U.S. 688, 696 (1993). Although federal law governs the evaluation of double jeopardy, state law governs the interpretation of a state criminal statute. Tarpley v. Dugger, 841 F.2d 359, 364 (11th Cir. 1988).

The amended information charged Pace with three statutory offenses. Each offense requires proof of a different fact. Consequently, the charges were not the "same offense" under the Blockburger test, and Pace's double jeopardy claim fails. See Williams v. Singletary, 78 F.3d at 1513.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Pace claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

- 6 -

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Pace must demonstrate that counsel's error prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Pace must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic

- 7 -

choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91.  Pace cannot meet his burden by showing only that counsel chose an ineffective course:

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

**Ground Three**

Pace alleges that his trial attorney rendered ineffective assistance by not objecting to the nearly all-white venire.  The state court denied this post-conviction claim as follows:

> The Defendant contends his attorney was ineffective when he failed to
> challenge the overwhelming[ly] white jury pool and the all white jury that
> sat on the Defendant's case.  The Defendant contends he asked counsel
> to challenge the jury pool and he failed to honor his request.
>
> The Defendant's Motion is denied.  First, the Defendant's allegation
> concerning the actual jury that decided his case is denied in that the

> Defendant is not entitled to a particular jury composition as to a petit jury. See Pace v. State, 704 So.2d 107 (Fla. 1997). With respect to the jury pool, Defendant has failed to state a facially sufficient claim because the Defendant has failed to show that there was a systematic exclusion of African-American[s] in the Sarasota County jury selection process at the time of trial. See Robinson v. State, 707 So.2d 688 (Fla. 1998) citing Pace at 110-112.

(Respondent's Exhibit 7). To obtain relief on ground three, Pace must establish that the state court unreasonably applied Strickland[4] or unreasonably determined the facts in denying Pace's Rule 3.850 motion.

Pace presents no evidence of entitlement to relief. See Hill v. Lockhart, 474 U.S. 52 (1985) (conclusory allegations presented in support of an ineffective assistance of counsel claim are insufficient to raise a constitutional issue); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). The state court's rejection of Pace's challenge to his all-white jury is consistent with federal law. See, e.g., Taylor v. Louisiana, 419 U.S. 522, 538 (1975) (While "petit juries must be drawn from a source fairly representative of the community . . . [there is] no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, . . . but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.") (internal citations omitted).

---

[4] Although the state trial court failed to cite Strickland as the standard for ineffective assistance, no explicit citation is required. A state court need not cite Supreme Court precedent (or even be aware of it) if the decision is consistent with the precedent. Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y of Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003). In Florida, Strickland governs ineffective assistance of counsel claims. Walls v. State, 926 So.2d 1156 (Fla. 2006).

Pace's Sixth Amendment right is limited to "the presence of a fair cross-section of the community on venire panels, or lists from which grand and petit juries are drawn." Usher v. Mortin, 165 Fed.Appx. 789, 792 (11th Cir. 2006) (quoting United States v. Henderson, 409 F.3d 1293, 1305 (11th Cir. 2005)).  To establish a prima facie violation of this right, Pace must prove (1) that African-Americans are a "distinctive" group in the community, (2) that the representation of African-Americans in venires is not fair and reasonable in relation to the number of such persons in the community, and (3) that this under-representation is due to systematic exclusion of African-Americans in the jury selection process.  Duren v. Missouri, 439 U.S. 357, 364 (1979); United States v. Henderson, 409 F.3d at 1305.

Pace fails to offer evidence showing systematic exclusion of African-Americans from jury selection.  Consequently, Pace cannot establish a violation of the Sixth Amendment with respect to the composition of the jury or the venire.  See Usher v. Mortin, 165 Fed.Appx. at 792.  Pace fails to show that counsel performed deficiently by not objecting to the venire.  "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).  Pace fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts.

**Ground Four**

Pace alleges entitlement to a jury determination of his status as a habitual offender based upon Apprendi v. New Jersey, 530 U.S. 466 (2000). Pace claims his thirty-year sentence for unlawful sexual conduct with a minor violates his Sixth Amendment right to trial by jury.[5] The state court rejected this claim as follows:

> Defendant contends, based upon the United States Supreme Court decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), [the s]tate did not charge and a jury did not find beyond a reasonable doubt the factors which served to increase his sentence.
>
> The Defendant's Motion is denied. The United States Eleventh Circuit Court of Appeal[s] has held that Apprendi v. New Jersey, 120 S.C[t]. 2348 (2000), is not retroactive to cases on collateral review. See In re Joshua, 224 F.3d 1281 (11th C[ir]. 2000). As a result, the Defendant is foreclosed from raising this issue in a post[-]conviction motion.

(Respondent's Exhibit 7).

Apprendi holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." Apprendi v. New Jersey, 430 U.S. at 490. Apprendi specifically exempts the necessity to prove a prior conviction to invoke a habitual felony offender act. Apprendi v. New Jersey, 430 U.S. at 490. See also James v. United States, __ U.S. __, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) ("To the extent that [the defendant] contends that the simple fact of his prior conviction was required to be found by a jury, his position is baseless. . . . [I]n any case, we have held that prior convictions need not be treated as an element of the offense for Sixth

---

[5] To the extent he challenges the state's application of state sentencing guidelines, Pace's claim is not cognizable in a federal habeas action. See 28 U.S.C. § 2254 (a); Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983). A federal court cannot review a state's alleged failure to adhere to state sentencing procedures. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

- 11 -

Amendment purposes.").[6] Pace fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts.

**Ground One**

Pace contends his appellate attorney rendered ineffective assistance by failing to raise a claim of ineffective assistance of trial counsel. Pace presented this claim in his state petition for the writ of habeas corpus (Respondent's Exhibit 12). The state appellate court denied the petition (Respondent's Exhibit 13) without discussion.

Pace's claim relies upon the following facts. At the time of his arrest, Pace was on probation for charges in two separate cases unrelated to the charges alleged in the amended information. Pace violated his probation and faced a seventeen-year guidelines sentence for the violations. Count Three of the amended information charged Pace with unlawful sexual conduct with a minor and delineated the charge as a third-degree felony pursuant to Section 794.05, Florida Statutes (Respondent's Exhibit 8 at 140). Before trial, Pace and trial counsel discussed the state's thirty-year sentence offer. Pace chose to reject the offer based on counsel's advice that the maximum sentence for the charge of unlawful sexual conduct with a minor was ten years. Consequently, with the potential seventeen-year sentence for violation of probation and

---

[6] In ground four, Pace also alleges that the state habitual felony offender statute, Section 775.084, Florida Statutes, is unconstitutional under Apprendi. This claim lacks merit. See Apprendi v. New Jersey, 430 U.S. at 490; James v. United States, __ U.S. __, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007). Additionally, Apprendi applies in cases where a defendant's sentence exceeds the prescribed statutory maximum penalty. Apprendi v. New Jersey, 530 U.S. at 490. In Florida, the maximum sentence for a second degree felony is a term of imprisonment not exceeding fifteen years. Fla. Stat. § 775.082(3)(c). Pursuant to the state's habitual offender statute, the maximum sentence for second degree felony is thirty years. Fla. Stat. § 775.084(d)(4)(a). Because Pace was designated a habitual offender and his sentence did not exceed thirty years, he cannot sustain an Apprendi claim.

- 12 -

the ten-year sentence for the third-degree felony, Pace faced a total term of imprisonment of twenty-seven years, three years less than the thirty-year sentence offered by the state.[7]

A jury found Pace guilty of unlawful sexual conduct with a minor as charged in Count Three.[8]  Before sentencing, counsel advised Pace that this offense was a second-degree felony and not a third-degree felony as specified in the amended information.  Counsel advised Pace that as a habitual offender, Pace faced a maximum sentence of thirty years for a second-degree felony rather than ten years for a third-degree felony.  Pace contends counsel advised the trial court at sentencing that Pace proceeded to trial believing that unlawful sexual conduct with a minor was a third-degree felony as charged in the amended information rather than a second-degree felony.  Pace points to the following excerpts from the sentencing hearing to support his contention that he proceeded to trial believing that the unlawful sexual conduct with a minor charge was a third-degree felony:

> DEFENSE COUNSEL:  In terms of the violation of probation before the Court, you have a guideline ranges [sic] that go from actually a short period of incarceration to 17 years of incarceration as you bump up.  If the Court deems that to get to the maximum violation, you know, it has to – a new law violation is certainly something that is always dealt with seriously before the Court.  In this regard, in terms of sentencing I feel this will be addressed at another time, I'm sure, by Mr. Pace.  But his counsel, myself – the Information as charged and as we went to trial with had the crime written down as a third-degree felony.  In our trial preparation, we talked

---

[7] Pace fails to acknowledge that, based on his status as a habitual offender, Count One (which charged a first-degree felony), carried a possible sentence of life imprisonment, and Count Two, (which charged a second-degree felony) carried a possible sentence of thirty years.  Fla. Stat. § 775.084(4)(a)(1), (2).

[8] The jury found Pace guilty of the misdemeanor lesser-included offense of battery on each of the sexual battery charges in Counts One and Two (Respondent's Exhibit 8 at 179).

> about what he scored out to with a violation, what he could get as a habitual offender. He was offered 30 years Department of Corrections sentence that he turned down and chose to exercise his right to trial.
>
> . . .
>
> DEFENSE COUNSEL: I feel certainly some of that is counsel's fault. The Court doesn't have to address that now, that he was advised inappropriately or improperly by myself of what his ultimate sentence would be, but certainly I think the offer originally made by the state, they judged their case, felt what was a fair offer - -
>
> PROSECUTOR: Objection, Your Honor. This is getting to be an improper argument.
>
> THE COURT: Sustained.

(Respondent's Exhibit 8 at 512-13, 515). Pace alleges this portion of the transcript affirmatively supports his contention that trial counsel improperly advised him of the potential sentence. Pace was sentenced to forty-seven years.[9]

Pace argues that appellate counsel was deficient for not raising an ineffective assistance of trial counsel claim based on trial counsel's allegedly erroneous advice. Pace alleges that there is a reasonable probability that the outcome of his appeal would have been different had appellate counsel presented this claim.

The response (Doc. 8) fails to specifically address trial counsel's statements and Pace's underlying allegation of ineffective assistance of trial counsel. The response also fails to address the discrepancy between the amended information and the judgment, each of which designate the offense of conviction as a third-degree felony,

---

[9] Pace was sentenced to "time served" on Counts One and Two (the misdemeanor battery convictions), thirty years on Count Three (the unlawful sexual conduct with a minor conviction), and seventeen years for the violations of probation (Respondent's Exhibit 8 at 264-66, 519).

- 14 -

and the presentence investigation report and the sentencing score-sheet, each of which designate the offense of conviction as a second-degree felony.

Accordingly, grounds two, three and four of Pace's petition for the writ of habeas corpus (Doc. 1) are **DENIED**. The respondent is **DIRECTED** to file an amended response addressing Pace's claims of ineffective assistance of trial and appellate counsel presented in ground one. The respondent shall file the amended response on or before **FRIDAY, NOVEMBER 30, 2007**. Pace shall have **FIFTEEN (15)** days after the respondent files the amended response to file his reply.

ORDERED in Tampa, Florida, on October 29, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE